UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HANSEN, II,

    Plaintiff/Counter-Defendant

                                    Case No. 09-14985
-vs-                                      HON. AVERN COHN

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This is a homeowner's insurance case arising out of a policy of insurance issued to plaintiff/counter-defendant James Hansen II (Hansen) by defendant/counter-plaintiff Metropolitan Property and Casualty Insurance Company (Metlife), covering a rental property located at 18441 St. Louis, Detroit, MI (Property). After the Property was damaged by a fire, Hansen filed a claim with Metlife, which was investigated and ultimately denied. Hansen says that the claim was wrongfully denied. Metlife responds that the denial was proper on grounds that Hansen materially misrepresented that he was the sole owner of the Property when applying for the homeowner's insurance policy. Metlife also counter-claims that it is entitled to rescission of the policy.

Now before the Court is Metlife's motion for summary judgment and Hansen's counter-motion for summary judgment. For the reasons that follow, Metlife's motion will be granted and Hansen's motion will be denied.

## II.  FACTS

The undisputed facts as the Court understands them from the parties' papers are as follows.

### A. Hansen's Application

On December 9, 2008, Hansen and George G. Rider (Rider) purchased the Property for $1,500.00, documented by the seller's delivery of a quit claim deed to Hansen and Rider.  (Doc. 17-2).[1]  In June, 2009, Hansen called Metlife to apply for a homeowner's insurance policy (Policy).  During the call, Hansen represented that the Policy would cover "my rental property" and never indicated that the Property was jointly owned by Rider.  (Doc. 17-3 p.1).

Hansen also stated that he had owned the Property since November, 2009, for "six, seven months."  (Doc. 17-3 p. 19).  When asked for the Property's market value, he first replied, " I have no idea."  (Id. at 21).  When asked for the purchase price, he replied that the people who had it before him had a land contract and were buying it for $45,000.00, to which the insurance agent confirmed the value at "around, between 40 and 50," and Hansen replied "Okay.  That'll work."  (Id. at 21-22).  After initially denying Hansen's claim because of past claims filed on his primary residence, Metlife approved Hansen's application and issued policies for both the primary residence and the Property, in Hansen's name only.  (17-7).

According to Hansen, Rider's interest in the Property was for "two to three months" and "then it was done," indicating that Hansen is currently the sole owner.  (Doc. 18-4).  A

---

[1] According to Hansen, the Property was purchased as a rental property and rented to Terrence Coleman in June, 2009.

quit claim deed dated August, 10, 2009, reflects this transfer of ownership from Rider to Hansen. (Doc. 17-6).

### B. Hansen's Insurance Claim

On July 6, 2009, one month after Metlife issued the Policy, the Property was damaged by a fire. As a result, Hansen filed a $89,076.77 proof of loss claim. (Doc. 17-5). Metlife began an investigation and learned that Hansen and Rider jointly owned the Property at the time that Hansen applied for the Policy. The investigation also uncovered that Rider filed a "suspicious" fire claim on February 26, 2009, on another home in Detroit, which Metlife says would have resulted in denial of the Policy if disclosed.[2] (Doc. 17-4). At the close of the investigation, the cause of the fire was deemed to be "undetermined." (Doc. 18-3).

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proving at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When a motion for summary judgment is properly made and supported, an opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). All facts and inferences should be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970).

A fact is "material" for purposes of a motion for summary judgment where proof of

---

[2]Metlife further states in its brief that Rider's father also had a suspicious fire claim on June 4, 2008 and in 2004.

that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the non-moving party, there is no genuine issue of material fact for trial. Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir.1993).

### III. ANALYSIS

#### A.

As stated, Metlife argues that it is entitled to summary judgment on Hansen's claim to compel payment for the fire damage and to rescission of the Policy as void ab initio because of Hansen's material misrepresentation during the Policy application process. Hansen argues that he is entitled to summary judgment and Metlife is not entitled to rescission because the Policy does not expressly require property sole ownership, Metlife could have discovered the joint ownership if it would have conducted a title search, and any misrepresentations were not intentional. Hansen is incorrect.

#### B.

"It is the well-settled law of [Michigan] that where an insured makes a material misrepresentation in the application for insurance, including no-fault insurance, the insurer is entitled to rescind the policy and declare it void ab initio." Lake States Ins. Co. v. Wilson, 231 Mich. App. 327, 330 (1998) (citations omitted). "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the

4

insurer." Id. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." Id. "Rescission is justified in cases of innocent misrepresentation if a party relies upon the misstatement, because otherwise the party responsible for the misstatement would be unjustly enriched if he were not held accountable for his misrepresentation." Lash v. Allstate Ins. Co., 210 Mich. App. 98, 103 (1995) (citations omitted). See also Wheatonn v. Geico Ins. Co., No. 265338, 2006 WL 740080 at *4 (Mich. Ct. App. March 23, 2006) (noting that a misrepresentation need not be intentional for an insurer to raise the misrepresentation as a basis for rescission and that "[n]o duty is owed to the insured to investigate or verify representations or to discover intentional misrepresentations.").

It is equally clear that "an insurer does not owe a duty to the insured to investigate or verify that individual's representations or to discover intentional material misrepresentations." Hammoud v. Metropolitan Prop. & Cas. Ins. Co., 222 Mich. App. 485, 489 (1997) (citations omitted). Finally, "a fact or representation in an application is 'material' where communication of it would have had the effect of 'substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium.'" Oade v. Jackson Nat'l Life Ins. Co. of Michigan, 465 Mich. 244, 253 (2001) (discussing materiality in the context of misrepresentations made in an application for life insurance) (quoting Keys v. Pace, 358 Mich. 74, 82 (1959)).

## C.

The Policy entered into between Metlife and Hansen contains the following pertinent provision:

**Concealment or Fraud:** If any person defined as **you** conceals or

5

> misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy to any person defined as **you**.

(Doc. 17-8 p. M-1) (emphasis in original).

## D.

Here, as stated, the relevant undisputed facts are as follows. Hansen and Rider jointly owned the Property when Hansen applied for the Policy. During the application phone call, Hansen represented that the Property on which he sought insurance coverage was his, without any mention of Rider's joint ownership. Rider had a previous fire loss claim on another property in Detroit, knowledge of which by Metlife would have resulted in denial of the Policy. Finally, concealment of a material fact or circumstance violates the Policy.

Accordingly, Hansen's misrepresentation was material and, even if unintentional, because it related to an express Policy provision prohibiting concealment or fraud of material facts or false statements, Metlife was entitled to rely on Hansen's statements and did not have a duty to perform a title search to discover the joint ownership. Further, in the case of such concealment, the Policy expressly states that Hansen is not entitled to insurance coverage.

Thus, because there is no genuine issue of material fact such that a reasonable juror could find that Hansen did not materially misrepresent the Property's ownership, Metlife is entitled to summary judgment on Hansen's claim to compel payment for the fire damage. Further, under Michigan law, Metlife is entitled to rescind the Policy and declare it void <u>ab initio</u>.

## V. CONCLUSION

For the reasons stated, Metlife's motion for summary judgment is GRANTED.

Hansen's counter-motion for summary judgment is DENIED.

SO ORDERED.


Dated:  January 14, 2011              s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 14, 2011, by electronic and/or ordinary mail.


                                      s/Julie Owens
                                     Case Manager, (313) 234-5160